## George v. Vaughan.

October 15, 1948.

Rehearing denied November 23, 1948.

Karem & Karem for appellant.

Woodward, Dawson, Hobson & Fulton for appellee.

440

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The plaintiff, H. S. George, filed this ordinary action in the Jefferson circuit court against the appellee to recover the sum of $1100 which he alleged was the balance due him on the price of 422 bags of beans at $14.50 per bag, amounting in the aggregate to $6,119.00, which he averred was due and had never been paid by appellee. Defendant answered admitting the purchase of the beans from plaintiff at the price named and then alleged payment to plaintiff of the entire purchase price, which he averred was done by the issuance of three checks, one for $2,000, another for $1,100, and the third for $3,019. Plaintiff then filed an amended and substituted petition alleging the same facts contained in his original petition in which he admitted receiving all of the checks pleaded in defendant's answer, but on the contrary when the $1100.00 check was delivered to him he endorsed it and immediately delivered it back to defendant, the drawer thereof, under a promise by the latter to cash the check which promise plaintiff claimed had never been performed. That statement by plaintiff was denied by defendant thus making the issues. A jury was empaneled and evidence heard followed by a unanimous verdict for defendant upon which judgment was pronounced dismissing the action.

In due time a motion for a new trial was filed by plaintiff because:

"(1) The Court erred in placing the burden of proof upon the defendant and awarding the closing argument to the defendant, to which the plaintiff objected and excepted and still objects and excepts.

"(2) The verdict of the jury is not sustained by the evidence.

"(3) Misconduct on part of the attorney for defendant in his closing argument by unnecessarily bringing to the attention of the jury the fact that the plaintiff is of foreign extraction thus playing upon the prejudice of the jury in favor of his client." We will consider and discuss each of them in the order named.

■ The defense was in all of its essentials a plea of payment which the plaintiff denied. The purchase

of the beans by defendant from plaintiff was admitted, as was also true as to the price, which was followed by the affirmative plea of payment, thus plainly demonstrating that the burden was on defendant to sustain his plea of payment which rule of practice is everywhere enforced. If, however, it should be insisted that the averment of plaintiff in his substituted petition that the $1100 check referred to was not cashed by him but endorsed and delivered back to the defendant upon the latter's agreement to cash it had the effect of casting the burden of proof on defendant (which is untrue), the answer to that contention would be that the defendant denied that contention thus leaving the burden on plaintiff to prove that such a transaction did occur. The court, therefore, did not err in placing the burden of proof on plaintiff, if indeed it did so.

■ There is nothing in the record to sustain ground (2) since there is no bill of evidence containing the testimony that was heard at the trial, and without it we are powerless to determine that ground.

■ Ground (3) is likewise easily disposed of. Without the evidence we are without knowledge as to what occurred at the trial, or the circumstances under which defendant's counsel referred to appellant as being "of foreign extraction," which remark is the only one complained of in support of this ground. In addition, it is difficult to perceive how a reference to plaintiff's nationality would have any bearing one way or the other on the only issue in the case of payment of the $1100 check, which was the only matter in contest. The proof may have developed a situation where counsel for defendant was perfectly justified in making that statement, and the same reason prevails with reference to ground (1) supra. Therefore, we are thoroughly convinced that neither ground is sufficient to authorize a reversal of the judgment.

None of the instructions offered, refused or given by the court are brought here, in which circumstances it is our duty to presume that the court properly instructed the jury, even if plaintiff had objected to those given, but which does not appear in the record.

Our only course therefore, is to affirm the judgment, which is accordingly done.